# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| TYRONE CLAY, | } |
| Plaintiff, | } |
| v. | } Case No.: 7:04-CV-3159-RDP |
| USAUTO HOLDINGS, INC., et al., | } |
| Defendants. | } |

## MEMORANDUM OPINION

Pending before the court is Plaintiff's Motion to Remand (Doc. #7) filed on December 6, 2004. The court deferred the hearing on this motion at the request of Defendants for the purpose of conducting discovery limited to the jurisdictional inquiry. (*See* Doc. #11). The court set the case for its March 3, 2005 motion docket.

**I.   Background**

Plaintiff originally filed his case in the Circuit Court of Greene County on September 24, 2004. (Doc. #1 at Ex. A at Pl's. Compl.). In his complaint, Plaintiff asserts the following state law theories: fraud (Count I); malicious conversion (Count II); violations of UCC and other state statutes (Count III); negligent training, hiring, supervision and retention (Count IV); violation of the Alabama Deceptive Trade Practices Act (Count V); invasion of privacy (Count VI); and criminal acts of third parties (Count VII). On November 4, 2004, Defendants removed the case to this court on the basis of federal question jurisdiction. (Doc. #1). Plaintiff thereafter filed his motion to remand arguing that the court lacks subject matter jurisdiction over this action. The jurisdictional issue in this case centers on whether, under the well-pleaded complaint rule, removal jurisdiction based upon the presence of a federal question exists. Because the court concludes that this litigation does not encompass any substantial federal question, Plaintiff's Motion to Remand is due to be granted.

## II. The Allegations of Plaintiff's Complaint

In his complaint, Plaintiff alleges that Defendant Sue Trammell ("Trammell") was in the business of arranging "subleases" between consumers and automobile owners who, like the Plaintiff, are "overextended" or have negative equity in their automobiles. (Compl. ¶¶ 13, 16). On November 2, 2002, Plaintiff entered into an agreement (the "transaction") whereby he would sublease a vehicle from such an owner. (Compl. ¶ 35). Plaintiff maintains that as part of the agreement, upon making all required payments, title to the vehicle was to ultimately be transferred to him. (Compl. ¶ 36).

Although as noted above Plaintiff asserts a number of state law theories, the key allegations for purposes of evaluating federal question jurisdiction relate to Plaintiff's fraud claim in Count I of the Complaint. In part, he accuses Defendants of fraudulently failing to disclose to him that the transaction "violates numerous regulations . . . ." (Compl. ¶ 33). Plaintiff maintains that his claim of fraud is, at least in part, based on Defendants failure to disclose to Plaintiff the fact that required disclosures under the Federal Odometer Act ("FOA"), the Truth in Lending Act ("TILA") and federal regulations dealing with warranty disclaimers were not made in the transaction. Plaintiff also points to several other facts unrelated to the violation of federal statutes or regulations that he contends were fraudulently suppressed by the Defendants. (*E.g.*, Compl. ¶¶ 32, 33)

## III. Standard of Remand

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). For removal to be proper, the court must have subject-matter jurisdiction over the action. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved

in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The law is clear that parties who seek to invoke federal court jurisdiction, as Defendants do in this case, must demonstrate that the court has subject matter jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). Lack of subject matter jurisdiction can neither be waived nor expanded by judicial interpretation, and a jurisdictional defect can be raised at any time by either the parties or the court. *Sosna v. Iowa*, 419 U.S. 393, 398 (1975); *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17-18 (1951).

**IV.     Analysis**

Federal question jurisdiction is conferred by § 1331, which provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim "arises under" federal law must be determined by examining the "well-pleaded complaint." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *see also Caterpillar,* 482 U.S. at 392. Under § 1331, federal courts have jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

The court's analysis of federal question jurisdiction in this case begins with the principle that a plaintiff "is master to decide what law he will rely upon." *The Fair v. Kohler Die & Speciality Co.*, 228 U.S. 22, 25 (1913), *overruled on other grounds*, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983). Indeed, Plaintiff can choose to rely solely on state law even if federal law provides a cause of action as well. *Campbell v. Gen. Motors Corp.*, 19 F.Supp. 2d 1260, 1271 (N.D. Ala. 1998). "The presence or absence of federal-question jurisdiction is governed by the

3

'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392.

A review of Plaintiff's Complaint reveals that none of the counts seeks relief under federal law. Instead, all of the claims asserted by Plaintiff are founded upon state law. However, such a determination does not end the court's jurisdictional analysis because one or more of the state counts might still pose a substantial federal question such that federal question jurisdiction would be proper. Although the "vast majority" of federal question cases involve a federal statute or provision that creates the plaintiff's cause of action, *see e.g., Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986), federal question jurisdiction is not limited to those cases. There is a small portion of cases where, even though the federal law does not create the cause of action, a party's right to relief depends on resolution of a federal question sufficiently substantial to cause that claim to "arise under" federal law. *Franchise Tax Bd.*, 463 U.S. at 27-28; *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921) (federal jurisdiction exists when the right to relief "depends upon the construction or application" of federal law and the claim "is not merely colorable"). Defendants contend that this is such a case. Thus, to sustain federal question jurisdiction in this case, Defendants must demonstrate either (1) that Plaintiff is seeking relief under a federally created cause of action, or (2) that resolution of this case depends on resolution of a substantial federal question.

Defendants contend that this court has federal question jurisdiction because of the potential application of FOA, TILA, and other certain federal regulations referenced in Plaintiff's Complaint and responses to discovery. The court disagrees. A careful analysis of Plaintiff's claims reveals that to the extent his state law theories affect any federal question, it is not one that is substantial.

As the Supreme Court has stated, "the district court has jurisdiction if the right of the [plaintiff] to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another." *Verizon Maryland, Inc. v. Public Service Com'n*, 535 U.S. 635, 643 (2002) (internal quotations and citations omitted); *see also Osborn v. Bank of United States*, 22 U.S. 738, 822 (1824) (Marshall, J.) (holding that federal jurisdiction exists if "the right set up by [a] party may be defeated by one construction of the constitution or law of the United States, and sustained by the opposite construction"); *Gully v. First Nat'l Bank,* 299 U.S. 109, 112 (1936) (Cardozo, J.). For this limited situation to exist, however, the federal interest must be "substantial." "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813. Rather, the court must ascertain whether the dispute is one that Congress intended federal courts to resolve. In other words, if a plaintiff's right to recover rises or falls with the interpretation of federal law, then federal question jurisdiction may exist even though the plaintiff has not expressly stated a federal claim.

In this case, Defendants' specific contention is that Plaintiff's fraud claim depends on the interpretation of certain federal statutes and regulations. According to Defendants, if the statutes and regulations are found to apply to the transaction, disclosures would have been required. However, if they do not apply, the disclosures would not have been required. Thus, Defendants assert that there exists a substantial disputed question of federal law.

Plaintiff, in support of his motion to remand, points to the fact that he has not sought relief pursuant to the federal statutes and that his fraud claim is supported by more than the failure to disclose violations of the federal statutes and regulations. Therefore, he argues, the violations of the federal statutes and regulations are not "essential" elements in his fraud claim.

The test to determine whether there exists a substantial disputed question of federal law is a measure of degree. *See, e.g., Ayres v. General Motors Corp.*, 234 F.3d 514 (11th Cir. 2000). In *Ayers*, the court found the interaction of the National Traffic and Motor Vehicle Safety Act ("Safety Act") and the federal mail and wire fraud statutes to be a "matter of considerable magnitude and substantial federal interest." *Id*. at 520. The court concluded that "[t]he particular controversy in [that] case [made it] one of those exceptional cases requiring that [they] decide[] 'a federal question substantial enough to confer federal question jurisdiction.'" *Id*. at 519.

Simply stated, this case is distinguishable from *Ayers* and is not an exceptional one because even if a federal question could be gleaned from the application of state law, that federal question is not substantial enough to confer federal question jurisdiction. First, the provisions of the statutes under consideration are clear and are not in need of interpretation.[1] The task of the state court will

---

[1] By way of example, 49 U.S.C. § 32705 provides that:

> Under regulations prescribed by the Secretary of Transportation that include the way in which information is disclosed and retained under this section, a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:
>
> 1. (A) Disclosure of the cumulative mileage registered on the odometer.
>    (B) Disclosure that the actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled.

The statute further provides that:

> (c) Leased motor vehicles.--(1) For a leased motor vehicle, the regulations prescribed under subsection (a) of this section shall require written disclosure about mileage to be made by the lessee to the lessor when the lessor transfers ownership of that vehicle.

be to apply the statutes to the facts of the case. The state court will not be required to interpret the interplay between different federal statutes.

Second, in *Ayres,* the "resolution of [the] case depend[ed] entirely on interpretation of the federal mail and wire fraud statutes and their interaction with the Safety Act." *Ayres*, 234 F.3d at 518. In contrast, here Plaintiff's claims do not depend entirely upon the interpretation of the federal statutes and regulations.[2] That is, the viability of Plaintiff's fraud claims, do not necessarily turn upon the application *vel non* of FOA or TILA to the transaction–a court could allow Plaintiff's fraud claims to go to a jury even in the absence of any alleged violations of those acts. Therefore, Defendants have not demonstrated a substantial federal issue to justify invocation of federal question jurisdiction under § 1331.

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by a defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.

*Caterpillar Inc.*, 482 U.S. at 392. Because Plaintiff's well-pleaded Complaint does not "establish[] either that federal law creates the cause of action or that [Plaintiff's] right to relief necessarily depends on resolution of a substantial question of federal law," the court lacks federal question jurisdiction over the claims in this case. *Franchise Tax Bd.*, 463 U.S. at 27-28.

V.  **Conclusion**

Defendants have not carried their burden demonstrating that this is one of those exceptional

---

[2]It is important to note that Congress authorized the filing of both FOA and TILA claims in state court. In making jurisdiction over such causes of action concurrent, Congress fully recognized that state courts would be called upon to interpret those statutes. In so doing, Congress obviously concluded that the federal interest in interpreting the statutes was not so substantial as to warrant exclusive jurisdiction in the federal court.

cases which involve a substantial federal question. Accordingly, Plaintiff's Motion to Remand is due to be granted. The court will enter an appropriate order remanding the case to the Circuit Court of Greene County, Alabama.

**DONE** and **ORDERED** this ___31st___ day of March, 2005.

*[signature]*

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE